The Answer of William Rhett Esq. one of the Defendants to the Bill of Complaint of Robert White Esq. Complainant.
This Defendant Saving and reserving to himself all and all manner of Advantages and Benefit of Exceptions which may be had and taken to the manifold Untruths Uncertainties and Imperfections in the Complainants Bill of Complaint Contained for answer thereunto or to Soe much thereof as this Defendant is Advised is anyways materiall for this Defendant to make Answer unto, this Defendant answereth and Saith that he hath been informed and beleives there were Certain Articles of Agreement bearing date the Second day of February one thousand Seven hundred and thirteen and made between the said other Defendant Dawes of the one part and the said Complaint White of the other part whereby the said Dawes did Demise unto the said White all that his plantation and Negroes in the said Articles and Complainants Bill mention’d and Says that by the said Articles the said White was to hold the Same for one Year Certain and noe longer But in Case the said Phillip Dawes or his Lawfull Attorney heirs or Assignes did not sometime in three months Before the Expiration of said terme give the said Robert White Warning under hand and Seale and Subscribed by two Witnesses to leave the said Plantation and premisses then the said White should have Liberty in Case he thought fit to hold it another Year and noe longer To which Covenant for more Certainty this Defendant referrs himself. That the other Defendant Dawes leaving the province some Short time after the perfecting said Articles by a Generali power of Attorney appointed this Defendant to look after and manage his affaires But this Defendant denys that ever he acquainted the said *130 White that notwithstanding any matter Contained in the said Articles for building or repaires he the said Dawes had alter’d his resolution or ever said that he thought it might be for the Conveniency of said Dawes That a New house might be Erected and built on the said plantation But this Defendant Saith there being an Express Covenant in said Articles contained that in Case the said White Should be desireous to have any other buildings then what were then Erected on said plantation that upon Application made by the said White to the said Dawes or in Case of his Absence to said Dawes Lawfull Attorney or Attorneys acquainting him or them with what buildings he Should think necessary to be erected or made and the said Dawes or his Attorney or Attorneys as aforesaid approving of and Consenting to Such building to be erected and the said White at the Expiration of said terme leaving the said buildings in good repair and Condition that what any two persons to be Chosen the one by the said Phillip Dawes or his Attorney or Attorneys And the other by the said Robert White and they to Choose a third what any two of them Should Adjudge that the said additional Buildings Soe made and Erected on the said Plantation by the said Robert White have improved and better’d the said Plantation should be allowed by the said Phillip Dawes to the said Robert White to be deducted or Abated out of the rent Provided the Sume soe to be adjudged did not Exceed the Sume of fifty pounds Current money That the said White in pursuance of the said Covenant Acquainting this Defendant he was desirous to have a Convenient Outhouse built for making of Soap and Pot Ashes this Defendant According to the power given him by said last mention’d Covenant did Consent that the said Outhouse Should be built pursuant to the said Articles But this Defendant Says that the said White as he beleives having a mind to break in upon the said Articles and not knowing how to do it Colourably thought he might be very Safe in Case he could get this Defendant as Attorney to said Dawes to Consent to it and therefore sent to this Defendant Severall troublesome messages and Letters about the said Outhouse one whereof bears date the tenth day of May One thousand Seven hundred and fourteen in these words following. Sir Capt. Dawes left with me a Yoke of Old plough Bullocks which are worked soe poor that one of them died in a little time without ploughing me one Acre of Land And the other Since his growing in Strength has been soe mischeivous as not only To be very prejudiciall to me but has gotten a haunt of goeing into Mr. Thompsons plantation and is the Same to him Soe that I think it of Absolute necessity he Should be Sold (and I will be Accountable for him) here are alsoe Some very Old Sheep that I think ought to be disposed off Mr. Jones who Sold them the Capt. Says they were old when he parted with them but these doe noe mischeif whatsoever you (that have taken the trouble to Act for Capt. Dawes) thinks fitt to Order or Direct shall be done Sir Your humble Servant Robert White And by way of Postscript to said letter Sir I write to Capt. Porter and Mr. Stephens desireing that the one may Draw a Bill of what the timber will Come to and the other the *131 Carpenters Work of the said house Capt. Dawes left Directions about to be Shewn to you the workmanship of the Chimney was formerly Shewn you by yours as above R:W: But this Defendant Suspecting the said Whites designe and being pretty well Acquainted with the said White’s Artifices he this Defendant the very same day Writt the following Answer to the aforegoing Letter May the tenth One thousand Seven hundred and fourteen Sir I had yours this morning and Send this by the Same hand In Answer to what you write’tis this. You have Articles which plainly Express what is to be done and what to be left upon the plantation when you are pleased to goe off Soe that in my Opinion You need noe Orders nor Directions from me nor any other person in that affaire as to the building you mention I hereby Consent that you may doe it According as it is plainly Expresst in the Eleventh Article but will not Exceed the Sume there mention’d And if you please you may Agree with Workmen and get it done as Soon as possible and it Shall be allowed you out of Your Rent as to the Dead Bullock and that that is Soe mischeivous to your Self and Neighbours if you please to Consult the very last Article in your Lease ’tis there fully Exprest how the Cattle and Stock Shall be disposed off soe that in my Opinion you may Sell or doe with them as you please during your Stay and are only obliged to deliver as many of the Same kind in Specie in good Condition as is there particularized for I am not willing on Any Account whatsoever to breake in or Alter any Article of the Lease or other Instructions I have about that affaire I am Sir your very humble Servant Wm Rhett a Coppy of which letter this Defendant then kept by him and believes said White can Shew the Originall if he pleases And this Defendant denys that ever he had or received from the other Defendant Dawes any Authoritys Powers Directions or Instructions whatsoever to Consent to any thing to be done Contrary to the said Articles or that ever this Defendant told the said White that he this Defendant had any such powers But this Defendant Says that the Said White pursuant to the Articles Acquainting this Defendant and said Dawes as he be-leives that he the Complainant wanted a Convenient house to be built for making of Soap and pot Ashes and the said Dawes not being Willing that the Complainant Should lay out Soe much money therein as the Complainant had liberty to doe by the Articles did by a Letter about the twenty Seventh of the month of February aforesaid desire this Defendant to be as Sparing as possible in the building which the said Dawes had Condescended to the building of and Would not have it Exceed twenty Six foot by Sixteen in the Dimensions with Cedar Posts in the Ground of Which this Defendant Acquainted Said White But the Said White instead thereof went and framed the said House which considerably increased the charge But this Defendant denys that ever he Consented to allow the said White for any Improvements he Should make on the premisses otherwise then is particularly Expressed in the said Articles or that ever this defendant told the said White that this Defendant or said Dawes had ever agreed to the making any more or other Improvements or laying out *132 anymore Sume or Sumes of money thereon that what is mentioned in the Articles aforesaid But on the contrary this defendant frequently told the Said White both by words and writing that he never would consent to allow anymore than what is agreed to be allowed by the Articles and that he neither did nor would doe or consent that any thing Should be done contrary to the intent and meaning thereof And this Defendant Sayes that about the time when the said half Years Rent was due this Defendant drew on said Complainant for said rent and Ordered Complainant to pay it to Mr. Cartwright but the said Complainant refused to pay this defendants Said Order and wrote a letter to this defendant giving for reason of such his refusal that he the Complainant had laid out money for the use of the Plantation to which this Defendant returned the following Answer October 18. 1714 Sir When I received Your Letter I was Streightened for time to Answer it But upon perusing the Same was Something Surprizd at the Contents And think it very Strange you should deny paying my Order to Mr. Cartwright. And granting Capt. Dawes owed you £22 when he went off Yet your half Years Rent is Sixty pounds And you are pleased to Say you have laid out Money for the use of the plantation, what is just and reasonable, and pursuant to the Lease. Shall be allowed, therefore I desire you’l draw out the account, by which I may Judge what is due on the first half Years Rent. It will be impossible for me to pay of the Debts Capt. Dawes has left behind him if I have such Answers from those who hire his Negroes As from you, who lives on his plantation, and has the Advantage of its production I remember the Cheifest inducement that ingaged Capt. Dawes to hire you his plantation was the great improvements you promised him you would make in his Garden and Orchards but instead of that I am informed they are now more like a Dunghill So there is nothing of that part of your promise complyed with I must needs say the Great knowledge you pretended to have in that Art Swayed very much with me and made me press the Capt. to hire You the plantation when at that time he might have had more of another/Sir you may depend as I am Intrusted with all Capt. Dawes’s Affairs I will Act for his Interest as my own And am very sensible he expects that peice of Justice from me therefore must again desire you’l draw out the Account of the plantation that I may be able to give him the State of his Affairs for I am Sure he never designed to have his Rent paid by Such Discounts/ I dont know what you have laid out on the plantation but as for the boundary Fences I made New and repaired at Capt. Dawes charge please to Send an Answer per the bearer And you will oblidge your Humble Servant Wm Rhett This Defendant Denyes That he ever gave the Said White any promises of his continu- ' ing on said Farme after the terme in the said Lease or Articles was expired or as long as he thought fitt or any other promises to that or the like effect nor had this Defendant any power or directions from the said Dawes Soe to doe. Sayes That Soon after the Hurricane Mr. White acquainting this defendant of the Barne in the Bill mentioned or Some part of it being uncovered this *133 defendant sent Some hands to the said plantation to cover the Same but denyes he gave any Orders for the uncovering thereof And beleives if the Same was uncovered ’twas Soe done by said Mr. Whites own Orders for that the said White had the Ordering and managing of the hands as he thought fitt And this Defendant Sayes he knowes of noe Damages the Complainant hath Sustained but if the Said other defendant Dawes hath broke any the Covenants of his Said Lease or Articles or oweth the Complainant any moneys on any note or notes of his hand or otherwise the Said other defendant Dawes is now on the Spott And in case said Dawes refuses to make good Such Damages (if any there be) or pay such notes if any due The Complainant hath a good remedy against Said Dawes but Saith that he is advised said White hath taken a very wrong Step to look for damages in a Court of Equity And this Defendant Says that the said White refusing to pay his Rent he this Defendant by Virtue of the said Generali power of Attorney to him given by the said Dawes and by virtue and in pursuance of the Articles in the Lease contained whereby the said White was oblidged to leave the said plantation and premisses at the end of one Year upon three Months Notice or warning before the Expiration of the said Terme of one Year to be given by the said Dawes or his Attorny Under hand and Seal in the presents of two witnesses he this Defendant did Accordingly give the said White the following Notice or Warning under this Defendants Hand and Seal in the presence of Two Witnesses (Vizt) Mr. Robert White Sir pursuant to the Articles of Agreement between Your Self and Capt. Phillip Dawes I being his lawfull Attorny do hereby Warne You to Quitt and Deliver up Quiett possession of the plantation Negroes Cattle etca As Mentioned in the said Articles belonging to the said Capt. Phillip Dawes on the second Day of February next ensueing this Date Witness my Hand and Seal this first Day of November Anno Dm 1714 William Rhett [Seal] Signed and Sealed in the presence of us William Rhett Junr. Sarah Rhett Junr. and Sent the same to the said White by Mr. William Rhett Junr. a Copy whereof this Defendant kept by him and hopes this Court will Compel the said White if any need be to produce the original of said Notice And also the said Original Letters herein before mantioned to be writt by this Defendant to said White And the said Complainant Accordingly quitted and left the said plantation and premisses on or about the said Second Day of February And denyes the Complainant was fraudulently deprived Ejected and turned out as by his bill he untruely Alleadges And this Defendant Sayes that after the Expiration of said Terme of one Year said Complainant Still neglecting to pay his Rent this Defendant desired said Mr. Allein in Bill named to Bring An Action against the Complainant for the same at the Suite of the other Defendant Dawes as in justice this Defendant thinks he was Oblidged to do but the said Mr. Allein Accquainting said White therewith And said White promissing to give unto this Defendant just and fair Accounts of what Demands he had to make This defendant desired the Said Allein to forbear the Same a few dayes but when *134 said White had Sent in an Account of Charges of Carpenters and Bricklayers Work and for boards nailes lime etca and other charges and this Defendant knowing he had nothing to doe with such charges as having been never Agreed to by said Articles nor yett by this Defendant this Defendant Ordered the said Allein to proceed in the said Action And this Defendant Says that forasmuch as it Appears to this Honourable Court that he is no ways Interested or concerned in the premisses being neither party nor privy to said articles And for that he is Advised there is no foundation or colour of Equity in the Complainants said Bill of Complaint contained he humbly hopes he shall be reimbursed the Great Expense and Charge he hath been putt to in the defense of this Suite And this Defendant denyes all and all manner of Combination and Confederacy in the Bill charged Without That that any other matter or thing in Complainants said Bill of Complainant contained material or Effectuall in the Law for this Defendant to make Answer unto and not herein and hereby well and Sufficiently Answered unto confessed or avoided Traversed or denyed is true all which matters and things this Defendant is and will be ready to averr Justifye maintain and prove as this Honourable Court shall award And therefore humbly prays to be hence dismissed with his Costs and Charges in this behalf most wrongfully Sustained.
Allein pro Defendant
Sworne the 28th day of October 1715 before me Char: Hart Magistr Cancell.
And this Defendant further Answering Sayes That the said power of Attorney was in Writing and that Nicholas Trott Esq. Cheif Justice was also nominated in the said power to be Attorny for the said Dawes but the Complainant well knows That the said Nicholas Trott never Acted as Attorny therein for that he was off this Country all or most of the time Sayes he does not Remember that ever the said White acquainted this Defendant of Mr. Stephens the Carpenters proposalls or that Complainant Showed him in Writeing an Estimate of the Bricklayers work Answerable to the Building As the said Complainant Alledges But if the Complainant had So done this Defendant does not know to what purpose it would be to have Shewn him this Defendant Such Estimates or proposals for this Defendant Sayes as he has before answered that he allwayes told the said White that he the said White had the Lease or Articles for his Guide and that he this Defendant would never agree that any thing Should be done contrary to the Intent and meaning thereof or that the Complainant Should have liberty to exceed the Sume of fifty pounds in buildings and Improvements therein Mentioned nor did this Defendant ever Approve or consent to any thing whatsoever to be done that is not agreed to by the said Articles nor had this Defendant any power or liberty So to do Sayes that as to the Note of Twelve pounds in the Complainants Bill mentioned to be drawn on this Defendant by the said Dawes he this Defendant as Attorny for the said Dawes promised to Accept and pay the same *135 And alwayes was and Still is ready to pay off the said Note And this Defendant denyes he ever refused to pay the said Note to said White And this Defendant as before he has Answered to that part of the Complainants Bill Sayes that Cap. Dawes whom he thinks to be responsible enough for a Note of Twelve pounds is now on the Spott And in Case he refuses payment thereof if the same be Still due the Complainant hath a Good remedy against the said Dawes as Drawer as well as against this Defendant as Acceptor of said Note but this Defendant thinks it Strange that the Complainant should go to preferr a Bill in Equity against this Defendant and put him to about Ten pounds charges to know whether he this Defendant did not promise to pay him a Note of Twelve pounds when he this Defendant never refused to pay the Same but alwayes was and Still is ready to pay and discharge Said Twelve pound Note If ever the Defendant had would or will come or Send to demand the same And therefore humbly hopes this Honourable Court will allow this Defendant his Costs for Such unjust Vexation And as to the other Note of Eight pounds of one Har-veys in the Bill mentioned Sayes that true it is the Complainant offered back the said Eight pounds Note to this Defendant And this Defendant as the Bill Alleadges refused to Accept it And this Defendant Sayes the reason why he did so was because this Defendant was well informed that said White Accepted Said Harveys Note as payment and that said White as this Defendant was well Informed owed the said Harvey as much or more Mony for Meat than said Note came to but be it so or not, this Defendant Sayes- he never promised to Accept of Said Harveys Note or any other wayes to pay discount or allow the same And as to that part of the Complainants Bill whereby he Interrogates this Defendant Whether he the Complainant did not provide the Necessaryes Victuals etca for this Defendants Servants when they were sent to repair the boundary Fences Barnes etca at his the Complainants first Entrance and after the Hurricane in Bill mentioned This Defendant Answers and Sayes that he beleives the said Complainant might give said Servants a little Hominy or other victuals but this Defendant never desired the Complainant So to do but on the contrary the Complainant requested this Defendant to lett the said Servants Stay and not goe home to victuals for that it would be a hindrance of their worke And that he the Complainant would find em at his own Charge which he beleives the Complainant well remembers and therefore ought not to have excepted to this Defendants Answer for want of Answering the same Sayes he has been informed by Some Persons but whether by Mr. Allein or Mr. Evans he does not well remember that said White had a mind to putt his matters aforesaid to Arbitration but this Defendant Sayes that the said Articles of the said Lease are as plain and intelligible [torn] to this Defendants Seeming To witt that the Complainant should have fifty pounds allowed him for Improvements to be made on Said Plantation provided the same Should be valued to be worth So much at the end of the Terme And that the Complainant was to pay one Hundred and twenty pounds per Annum for the Rent of said prem *136 isses But as to all those previous and Subsequent parole agreements the said Complainant So frequently mentions in his bill and which he setts up to defeat his own agreement under his Hand and Seal this Defendant Sayes he never made any Such Agreements with the said Complainant nor did the other Defendant Dawes (as this Defendant beleives) for the said Dawes has Frequently told this Defendant he never agreed to any thing but what is mentioned in the said Lease or Articles And therefore this Defendant can Set no reason for referring all or any the matters aforesaid or that the Complainant hath any foundation or colour of Equity in his said Bill contained and denyes as before he hath denyed all manner of Combination whatsoever in the bill charged Without That that any other or further matter or thing in the Complainants Said Bill of Complaint contained material or effectual in the law for this defendant to make Answer unto and not herein and hereby well and Sufficiently answer’d unto confessed or Avoided traversed or denyed is true All which matters and things this defendant is and will be ready to Averr Justify main-taine and prove as this honourable Court shall Award And therefore humbly prayes as before he hath already prayed to be hence dismist with his Costs and Charges in this behalf most wrongfully Sustained.
Richd. Allein
taken and Sworne the 26th day of November 1715 before me Charles Hart Magistr Cancell.